# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Thomas W. McNamara, et al., | 2:15-cv-02177-JAD-GWF |
| Plaintiffs | **Order denying motion to dismiss for lack of personal jurisdiction** |
| v. | |
| Voltage Pay Inc., et al., | **[ECF No. 25]** |
| Defendants | |

Thomas W. McNamara—as the receiver for 24 shell companies involved in a fraud scheme perpetrated by Ideal Financial Solutions, Inc. (Ideal)[1]—sues Voltage Pay Inc., Kevin Lewis, Jety Holdings, and David Shehkter under Nevada's Fraudulent Transfer Act, seeking a constructive trust and an accounting.[2]  Defendants move to dismiss, arguing that the court lacks personal jurisdiction over them because the are Canadian residents who have no employees, business, back accounts, or other contacts in Nevada.

But this, as McNamara points out, overlooks the elephant in the room: this lawsuit is predicated on McNamara's status as a court-appointed receiver for 24 Nevada and Utah companies and defendants' surprisingly well-documented business dealing with them.  Because the federal receivership statute creates nationwide service of process, I must consider defendants' jurisdictional contacts with the nation as a whole.[3]  Doing so, I find that the court has personal jurisdiction over defendants and deny their motion to dismiss.

---

[1] *See Fed. Trade Comm'n v. Ideal Fin. Sols. Inc.*, No. 13–cv–00143–JAD–GWF, 2016 WL 756527 (D. Nev. Feb. 23, 2016).

[2] ECF No. 1.

[3] 28 U.S.C. § 1692; *Sec. Exch. Comm'n v. Ross*, 504 F.3d 1130, 1145 (9th Cir. 2007).

Page 1 of 6

**Background**

The genesis of this suit is the FTC's enforcement action, *Federal Trade Commission v. Ideal Financial Solutions*, in which I found on summary judgment that Ideal, its related Nevada and Utah entities, and the people who control them, perpetrated a wide-ranging fraud scheme to charge unwitting consumers fees for financial services that were never provided.[4] As the presiding judge in the case, I preliminarily enjoined the fraudulent conduct, appointed McNamara as the receiver for Ideal and its related entities, and eventually granted the FTC summary and default judgment.[5]

As the receiver for Ideal and its related entities, McNamara was given the power to control them and I ordered him to collect any money due to these entities.[6] He commenced this lawsuit to do just that. He alleges that Kevin Lewis, David Shehkter, Voltage Pay Inc., and Jety Holdings, engaged in business with the receivership entities and profited from the receivership entities' ill-gotten gains.[7] According to the complaint, Lewis and Shehkter set up Voltage and Jety Holdings, which acted as "middlemen" between the receivership entities and various banks.[8] Lewis and Shehkter directed the receivership entities to transfer their ill-gotten gains to Voltage and Jety Holdings and ultimately to themselves.[9] Because McNamara is a court-appointed receiver, and Lewis, Shehkter, Voltage, and Jety Holdings allegedly conducted business in the United States, the complaint pleads personal jurisdiction over Lewis, Shehkter, Voltage, and Jety Holdings based on the federal receivership statute.[10]

---

[4] *Ideal Fin. Sols. Inc.*, 2016 WL 756527, at *1.

[5] *See id.* at *8–12.

[6] *See Ideal Fin. Sols. Inc.*, No. 13–cv–00143–JAD–GWF, at ECF No. 18.

[7] *See* ECF No. 1 at ¶¶ 20–25.

[8] *Id.* at ¶ 21.

[9] Id. at ¶¶ 36–37.

[10] Id. at ¶ 14.

## Discussion

**A.   Legal standard**

When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction.[11]  "The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process."[12]  But where the statutory authority for personal jurisdiction is derived from a federal law that allows for nationwide services of process—like the federal receivership statute—the court considers the defendants' "contacts with the United States as a whole."[13]

**B.   Lewis's affidavit establishes that there are sufficient minimum contacts with the United States as a whole.**

Because defendants' opening motion failed to address personal jurisdiction under the federal receivership statute, I limit my discussion to their reply brief because the only germaine arguments appear there.  In reply, defendants assert that "there is no possibility of nationwide jurisdiction" because the defendants "are all Canadian" and the federal receivership statute does not apply internationally."[14]

True enough—the United States' federal receivership statute doesn't reach into Canada; but it does permit this court to exercise federal jurisdiction over Canadians with sufficient minimum contacts with the United States.  The well-settled rules of personal jurisdiction permit a federal court to exercise personal jurisdiction over a nonresident defendant if that defendant has sufficient

---

[11] *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006).

[12] *Id.* at 1154–55.

[13] *Ross*, 504 F.3d at 1146 (*citing Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 824 (6th Cir. 1981) (stating that "[i]n an action where service of process is effected pursuant to a federal statute which provides for nationwide service of process, the strictures of *International Shoe* do not apply.")).

[14] ECF No. 29 at 6–7.

minimum contacts with a forum in the United States.[15] The federal receivership statute changes my analysis in only one small respect: rather than considering defendants' contacts with the District of Nevada, I look to defendants' contact with "the United States as whole."[16]

Doing so, I find that Lewis, Shehkter, Voltage, and Jety Holdings have sufficient minimum contacts with the United States to justify exercising personal jurisdiction over them. Indeed, Lewis executed an affidavit in his divorce proceedings in Canada stating that he and Shehkter are business partners who regularly did business through Voltage and Jety Holdings throughout the United States because of their relationship with Ideal.[17] According to Lewis's affidavit, defendants' business contacts with Ideal (a Nevada company) were so substantial that, when Ideal shut down, defendants could "no longer operate."[18] The affidavit also states that Lewis would "typically travel to Boston, NYC[,] and Florida every two months" to meet "prospective and existing clients in the US" and that he also traveled to "San Antonio, Las Vegas[,] and Ohio" to "meet our banking partners."[19]

Defendants to not dispute these facts or the authenticity of Lewis's affidavit. Rather they contend that the circuit opinions cited by McNamara—including *Haile*, *Ross*, and *Blizerian*—are

---

[15] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

[16] *Ross*, 504 F.3d at 1164; *Sec. Exch. Comm'n v. Blizerian*, 378 F.3d 1100, 1106 n.8 (D.C. Cir. 2004); *U.S. Titan, Inc. v. Guangzhou Hua Shipping Co.*, 241 F.3d 135, 152 n.12 (2d Cir. 2001) ("[A] court should consider the defendant's contacts throughout the United States and not just those contacts with the forum.").

For clarity's sake, I note that it is undisputed that McNamara complied with the federal receivership statutes and briefly map out how their two-step operation go us here. Under 28 U.S.C. § 754, a receiver is required to file an entry of the appointment order and the complaint in each district in which receivership property is located. If the filing requirements are satisfied, then 28 U.S.C. § 1692, permits the receiver to issue service of process from any district containing receivership property. Because § 1692 permits nationwide service of process, courts look to a defendant's contacts with the United States as a whole when determining whether personal jurisdiction exists. *Ross*, 504 F.3d at 1164; *Blizerian*, 378 F.3d at 1106 n.8; *Guangzhou*, 241 F.3d at 135 n.12.

[17] ECF No. 18-1 (*quoting* ECF No. 28-11).

[18] *Id.*

[19] *Id*.

"inapplicable" because "all addressed the issue of ancillary jurisdiction over defendants domiciled *within* the United States."[20] But I disagree. *Ross* is binding Ninth Circuit precedent that sets out the rule of law that I must follow: namely, if a receiver satisfies § 754's filing requirements, then § 1692 permits the receiver to issue nationwide service of process and exercise personal jurisdiction over any person who has minimum contacts with the United States.[21]

Defendants' assertion that *Ross* is distinguishable because the defendant in *Ross* (i.e., Bustos) was domiciled within the United States is inapposite. *Ross* did not discuss the location of defendant Bustos's domicile.[22] Rather, the Ninth Circuit held that the federal receivership statute provided a basis for the district court to exercise personal jurisdiction over Bustos; but the district court nonetheless lacked personal jurisdiction over Bustos because the receiver never served Bustos or even named him in the complaint.[23] Similar facts do not exist here because defendants waived service and are named in the complaint.[24]

The Second Circuit's decision in *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*. squarely supports my finding that the federal receivership statute authorizes me to consider a foreign defendant's contacts with the United States as a whole when determining whether to exercise jurisdiction over him. There, the court succinctly stated, "[i]n determining whether personal jurisdiction exists over a foreign defendant who . . . has been served under a federal service of process provision, a court should consider the defendant's contacts throughout the United States and not just those contacts with the forum."[25]

In lieu of *Ross* or *Guangzhou*, defendants direct me to *Steinberg v. Bombardier Trust*, an

---

[20] ECF No. 29 at 7 (emphasis original).

[21] *Ross*, 504 F.3d at 1165–46.

[22] *See generally id*.

[23] *Id.* at 1140 ("That the district court could have obtained jurisdiction over Bustos tells us nothing about whether it actually did so.").

[24] *See* ECF No. 1; ECF No. 29 at 6.

[25] *Guangzhou*, 241 F.3d at 135 n.12.

unpublished decision from another district, arguing that it "is the only decision exactly on point" because it examines Canadian defendants under the federal receivership statutes.[26] But *Steinberg* is distinguishable because the defendant in that case was never present in the relevant forum and was not properly served.[27] By contrast, Lewis swore in an affidavit that all the defendants had regular business dealings throughout the United States, and defendants conceded that they waived service of process.[28] I therefore find that the court has personal jurisdiction over defendants. Lewis executed an affidavit detailing how each of the defendants regularly conducted business with Ideal, other entities in Las Vegas, and throughout the United States, and McNamara's claims arise out of that business.

Accordingly, IT IS HEREBY ORDERED that defendants' **motion to dismiss [ECF No. 25] is DENIED.**

Dated this 17th day of May, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[26] ECF No. 29 at 8.

[27] *See Steinberg v. Bombardier Trust*, No. 07–cv–1212 (WHP), 2008 WL 2787720, at *3 (S.D. N.Y. July 9, 2008); *see also Carney v. Beracha*, 996 F. Supp. 2d 56, 65 n.5 (D. Conn. 2014) (distinguishing *Steinberg* on the same grounds).

[28] ECF No. 29 at 6.