Edward Chang (NV 11783)
echang@mcnamarallp.com
Daniel M. Benjamin (*Pro Hac Vice*)
dbenjamin@mcnamarallp.com
MCNAMARA BENJAMIN LLP
501 West Broadway, Suite 2020
San Diego, California 92101
Tel.:    619-269-0400
Fax:    619-269-0401

Abran E. Vigil (NV 7548)
vigila@ballardspahr.com
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Tel.:    702-471-7000
Fax:    702-471-7070

*Attorneys for Court-Appointed Receiver*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for Ideal Financial Solutions, Inc.; Ascot Crossing, LLC; Chandon Group, Inc.; Bracknell Shore, Ltd.; Fiscal Fitness, LLC; Avanix, LLC; Debt Elimination Systems, LLC; US Debt Relief, LLC; Money Mastery, LLC; US Debt Assistance Corp.; IWB Services (St. Kitts); Financial Fitness, LLC; Debt to Wealth, LLC (St. Kitts); Debt to Wealth, LLC (Nevada); Ideal Goodness, LLC; Dollars West, LLC; Fluidity, LLC; Newport Sails, LLC; Shaw Shank, LLC; Bunker Hillside, LLC; Funding Guarantee, LLC; Newline Cash, LLC; Wealth Fitness, LLC; Zeal Funding Services, LLC; and related subsidiaries and affiliates,<br><br>Plaintiff,<br><br>v.<br><br>VOLTAGE PAY INC., a Canadian corporation doing business as voltagepay.com, Voltage Payments, Inc., and Voltage Pay LLC; VOLTAGE PAY LLC, a Delaware limited liability company; KEVIN LEWIS; JETY HOLDINGS, a company of unknown origins; DAVID SHEKHTER; DOE COMPANY NO. 1, a holding company of unknown origins; and ROES 1-10.<br><br>Defendants. | 2:15-cv-02177-JAD-GWF<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>Related Case:<br><br>*Federal Trade Commission v. Ideal Financial Solutions, Inc. et al.*, District of Nevada, Case No. 2:13-cv-00143-JAD-GWF |

Pursuant to Federal Rule of Civil Procedure 26(c), the stipulating parties, through undersigned counsel, jointly submit this stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in this action.

The Federal Rules of Civil Procedure grants the Court authority to impose reasonable limitations on the use, scope and timing of discovery and to otherwise control the discovery process. Fed. R. Civ. P. 26(c). This includes the ability to grant protective orders to protect sensitive and confidential information. *See id.*; *Montgomery vs. Etreppid Technologies, LLC*, 3:06-CV-0056-PMP VPC, 2009 WL 465941 (D. Nev. Feb. 25, 2009) ("Rule 26 further provides that protective orders may be entered to limit the scope of a deposition and to require that highly sensitive or confidential information is maintained as confidential.").

The Court may enter a protective order upon a showing of good cause. *Phillips ex rel. Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003). Here, there is good cause for the entry of the Protective Order as follows:

Thomas W. McNamara, as the Court-Appointed Receiver, anticipates producing certain information and documents that contain consumer financial data that is relevant to the action. Examples of confidential information may include but are not limited to personal information in employee records, executed agreements containing confidentiality clauses, etc. In particular, this information can include consumer's account records, addresses, and other personal identifying information.

The stipulating parties agree that these records should be protected and thus request entry of a protective order to ensure that this confidential information is not disclosed to any person who does not need the information for the purposes of pursuing or defending the claims of this case who has stated that they approve of the form of the protective order. Any unauthorized disclosure of confidential information or documents in violation of the protective order is subject to discipline by the contempt powers of this Court.

///

It is the intent of the stipulating parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing shall be designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Additionally, consumers' privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of the attached proposed Protective Order (Exhibit A), pursuant to Federal Rule of Civil Procedure 26(c).

Dated: August 22, 2016

McNamara Benjamin LLP

By: S/ DANIEL M. BENJAMIN
    Daniel M. Benjamin
    501 West Broadway, Suite 2020
    San Diego, CA 92101
    Tel.: 619-269-0400
    Fax: 619-269-0401
    dbenjamin@mcnamarallp.com
    Attorneys for Plaintiff

Dated: August 22, 2016

David Steiner & Associates, PLC

By: S/ DAVID PAUL STEINER
    David Paul Steiner
    1801 Century Park East, Suite 1600
    Los Angeles, CA 90067
    Tel.: 310-557-8422
    Fax: 310-556-0036
    dpsartnetlaw@gmail.com
    Attorneys for Defendants

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____August 24_____, 2016

2

Edward Chang (NV 11783)
echang@mcnamarallp.com
Daniel M. Benjamin (*Pro Hac Vice*)
dbenjamin@mcnamarallp.com
MCNAMARA BENJAMIN LLP
501 West Broadway, Suite 2020
San Diego, California 92101
Tel.:   619-269-0400
Fax:   619-269-0401

Abran E. Vigil (NV 7548)
vigila@ballardspahr.com
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106-4617
Tel.:   702-471-7000
Fax:   702-471-7070

*Attorneys for Court-Appointed Receiver*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for Ideal Financial Solutions, Inc.; Ascot Crossing, LLC; Chandon Group, Inc.; Bracknell Shore, Ltd.; Fiscal Fitness, LLC; Avanix, LLC; Debt Elimination Systems, LLC; US Debt Relief, LLC; Money Mastery, LLC; US Debt Assistance Corp.; IWB Services (St. Kitts); Financial Fitness, LLC; Debt to Wealth, LLC (St. Kitts); Debt to Wealth, LLC (Nevada); Ideal Goodness, LLC; Dollars West, LLC; Fluidity, LLC; Newport Sails, LLC; Shaw Shank, LLC; Bunker Hillside, LLC; Funding Guarantee, LLC; Newline Cash, LLC; Wealth Fitness, LLC; Zeal Funding Services, LLC; and related subsidiaries and affiliates,<br><br>Plaintiff,<br><br>v.<br><br>VOLTAGE PAY INC., a Canadian corporation doing business as voltagepay.com, Voltage Payments, Inc., and Voltage Pay LLC; VOLTAGE PAY LLC, a Delaware limited liability company; KEVIN LEWIS; JETY HOLDINGS, a company of unknown origins; DAVID SHEKHTER; DOE COMPANY NO. 1, a holding company of unknown origins; and ROES 1-10.<br><br>Defendants. | 2:15-cv-02177-JAD-GWF<br><br>[PROPOSED] **PROTECTIVE ORDER**<br><br>Related Case:<br><br>*Federal Trade Commission v. Ideal Financial Solutions, Inc. et al.*, District of Nevada, Case No. 2:13-cv-00143-JAD-GWF<br><br>JUDGE:   Hon. Jennifer A. Dorsey<br>CTRM:   6C |

Upon consideration of the Receiver's motion for a protective and confidentiality order, the Court having found that the discovery of information that implicates third-party confidentiality rights and/or that is confidential or proprietary has been requested in this action, and that the disclosure and distribution of such information should be reasonably restricted, the Court finds that good cause exists for the entry of this Order, and it is hereby ORDERED as follows:

## I. DEFINITIONS

A. "Party" means any of the parties to this action, including the Receiver, and any of their officers, directors, partners, members, principals or affiliates.

B. "Counsel" means counsel of record in this action for any of the parties to this action and those attorneys' stenographic, clerical, and paralegal employees, or outside support personnel and services whose duties and responsibilities in the conduct of this action require access to Confidential Material.

C. "Discovery Material" means:

(1) any information, document, tangible thing, or response to discovery requests pursuant to Fed. R. Civ. P. 33, 34, or 36,;

(2) any deposition testimony or transcript revealed during depositions upon oral or written examination pursuant to Fed. R. Civ. P. 30, or 31;

(3) any document, thing, or premises made available for inspection or produced to the Receiving Party pursuant to Fed. R. Civ. P. 26, 33, or 34;

(4) any document, thing, or premises made available for inspection or produced to the Receiving Party in response to a subpoena pursuant to Fed. R. Civ. P. 45; and

(5) any other similar materials, or portions thereof.

D. "Producing Party" means any party or non-party who produces Discovery Material, including its directors, employees, and agents.

E. "Receiving Party" means a party (including the Receiver) to this action, including all employees, agents, and directors (other than Counsel) of the Party, who receives Discovery Material from a Producing Party.

F.  "CONFIDENTIAL" means any document, discovery response, testimony, or information that the Producing Party reasonably believes embodies: (i) trade secrets, proprietary, or other confidential business information; or (ii) information invasive of an individual's legitimate privacy interests.

G.  "Confidential Material" means any Discovery Material, and any copies, abstracts, summaries, or information derived from such Discovery Material, and any notes or other records embodying or disclosing the contents of such Discovery Material, that is designated as CONFIDENTIAL in accordance with section II below.

## II.  DESIGNATION OF CONFIDENTIAL MATERIAL

Any document, any information produced on magnetic disk or other computer-related media, and any portion of oral testimony produced or given in this action that is asserted by Producing Party to contain or constitute CONFIDENTIAL information shall be so designated by Producing Party. The first page of each document or the front of each disk that contains CONFIDENTIAL information shall be marked on its face with the following legend:

"CONFIDENTIAL"

Transcript pages containing or constituting CONFIDENTIAL information shall be marked CONFIDENTIAL on each such page, and the transcript shall be marked confidential on its cover page.

## III.  ACCESS TO CONFIDENTIAL MATERIAL

A.  Subject to section III(B), III(C), and III(D), in the absence of an order of the Court, any CONFIDENTIAL information produced in accordance with the provisions of section II above shall be used solely for purposes of the prosecution and defense of this action and shall not be disclosed to or discussed with any person other than: (i) Counsel for the Receiving Party; (ii) persons employed by, or who are independent contractors of, the Receiving Party who are participating in the management of the litigation and the preparation of this case for trial; (iii) outside experts or consultants who are engaged for the purpose of this action by the Receiving Party and such experts' or consultants' support personnel; (iv) the individual(s) who authored,

|   |   |   |
|---|---|---|
| | | prepared, or received the information; (v) certified court reporters taking testimony involving such CONFIDENTIAL information and their support personnel; and (vi) the Court (including any trier of fact) in connection with the proceedings in this action. |
| | B. | Outside Experts and Consultants.  Subject to the provisions of this Protective Order, all Confidential Material may be disclosed to any outside expert or consultant who has agreed to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A.  Executed copies of the Acknowledgment form shall be exchanged between counsel promptly upon request, and the absence of a signed Acknowledgment justifies the Producing Party's refusal to provide documents until a signed Acknowledgment is provided by the Receiving Party. |
| | C. | Employees of a Party.  Subject to the provisions of this Protective Order, all Confidential Material marked CONFIDENTIAL may be disclosed to an Employee of a Party. |
| | D. | Acknowledgment of Protective Order.  Before obtaining access to any Confidential Material covered by this Protective Order, any person who is authorized to have access to Confidential Material pursuant to this Protective Order must have agreed in writing to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A, an executed copy of which shall be provided to the opposing party.  This provision does not apply to Parties, employees of a Party, or Counsel for a Party (including all employees, support staff, or those of Counsel's law firm or agency), or any recipient under Section IX, all of whom may access Confidential Information without separately signing Exhibit A. |
| | E. | Disclosure Pursuant to Consent.  Confidential Material also may be disclosed to anyone so authorized by prior written consent of the Producing Party, and no Party is restricted in any way by this Protective Order in disclosing its own Confidential Material. |

F.     Parties' Counsel may show Confidential Material in unredacted form to a witness if that person has executed Exhibit A or otherwise authorized under this Protective Order to have access to such document. Otherwise, prior to being shown to the witness, the document shall be redacted to remove all information covered by Fed. R. Civ. 5.2.

The limitations on disclosure contained in this Protective Order shall not apply to documents or information that: (i) were in the possession of the Receiving Party before disclosure by the Producing Party without a restriction from any Party to this action, or (ii) are or become published or available in a manner not in violation of this Protective Order.

## IV. COURT PROCEDURES

If a document containing CONFIDENTIAL information is filed with the Court, it shall be filed with one of the following notations:

>Filed Under Seal - Contains CONFIDENTIAL Information
>
>Subject to Protective Order

Any papers containing Confidential Material shall indicate clearly what portions are designated as CONFIDENTIAL.

## V. HANDLING OF CONFIDENTIAL MATERIAL

A.     Nothing herein shall restrict a person authorized to have access pursuant to paragraph III(A) from making working copies, abstracts, digests, and/or analyses of Confidential Material for use in connection with this action. Such working copies, abstracts, digests, and analyses shall be deemed to have the same level of protection as the original Confidential Material under the terms of this Protective Order. Further, nothing herein shall restrict an authorized recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to authorized recipients.

B. If the Producing Party through inadvertence produces any CONFIDENTIAL document or thing without labeling, marking, or otherwise designating it as such in accordance with the provisions of this Protective Order, the Producing Party may give written notice to the Receiving Party that the document or thing produced is deemed CONFIDENTIAL and should be treated as such in accordance with the provisions of this Protective Order.  The Receiving Party must treat such document or thing with the noticed level of protection from the date such notice is received.  Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of the document or thing that bears the new confidentiality designation under this Protective Order.

C. A Party or present employee of a Party may be examined and may testify concerning all CONFIDENTIAL information produced by that Party.

D. Non-parties may be examined and may testify concerning any document containing CONFIDENTIAL information of a Producing Party that clearly appears on its face or from other documents or testimony to have been prepared by, received by, known by, or communicated to the non-party.

E. If no confidentiality designation of deposition testimony is made at the time of the deposition, any transcript containing CONFIDENTIAL information shall be designated as containing such information by no later than thirty (30) calendar days after receipt of the transcript of the deposition.  Otherwise, such transcript shall not be deemed Confidential Material.

F. This Protective Order shall not prevent any Party from moving the Court for an order that a non-party may be examined and may testify concerning any document containing CONFIDENTIAL information of a Producing Party.  Prior to so moving, the Party seeking to examine the non-party or have the non-party testify may (but is not required to) instead seek the Producing Party's agreement by requesting, in writing, to examine the non-party or have the non-party testify and shall identify the documents designated as about which it seeks to examine the non-

party or about which it seeks to have the non-party testify. In any motion, the Producing Party shall have the burden of establishing before the Court the need to prevent the non-party from being examined about or testifying about the CONFIDENTIAL document. Alternatively, a Party may use the document in the examination of a witness in court without further order of the Court after redacting the information required by FRCP 5.2.

## VI. PROCEDURE TO CHALLENGE DESIGNATIONS

This Protective Order shall not prevent any Party from moving the Court for an order that information designated as CONFIDENTIAL by Producing Party is not, in fact, CONFIDENTIAL information. Prior to so moving, the Party seeking to reclassify the information shall seek the Producing Party's agreement by objecting, in writing, to the designation by specifying to information at issue and the grounds for questioning the designation. The Producing Party shall have ten (10) court days to respond to such request. In any motion, the Producing Party shall have the burden of establishing before the Court the need for classification as CONFIDENTIAL. In connection with any such motion, the Producing Party's designation shall be given NO WEIGHT.

## VII. INADVERTENTLY PRODUCED MATERIAL

The inadvertent disclosure or production of any Discovery Material that is subject to an objection on the basis of attorney-client privilege or work-product protection, or that inadvertently lacks a CONFIDENTIAL designation under this Protective Order, will not be deemed to waive a Producing Party's claim to its privileged or protected nature or estop the Producing Party or the privilege holder from designating the Discovery Material as attorney-client privileged, subject to the work product doctrine, or designated as CONFIDENTIAL at a later date.

Any Receiving Party who becomes aware of any produced Discovery material that is privileged or subject to work product protections shall immediately notify the Producing Party of that fact in writing.

Disclosure of the Discovery Material prior to an assertion of privilege, work product protection or a CONFIDENTIAL designation shall not be deemed a violation of the provisions of

this Order.  This Order and Clawback Provision is guided but not limited by Federal Rule of Evidence 502(d) and Federal Rule of Civil Procedure 26(b)(5)(B).

**VIII.  RIGHT TO FURTHER RELIEF**

Nothing in this Protective Order shall abridge the right of any person to seek judicial modification or amendment of this Protective Order.

**IX.  RIGHT TO ASSERT OTHER OBJECTIONS**

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

**X.  SURVIVAL OF OBLIGATIONS**

The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court.  The Court shall retain jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Protective Order as may be appropriate.

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _____August 24_____, 2016