| | |
|---|---|
| Daniel M. Benjamin (*Pro Hac Vice*) <br> dbenjamin@mcnamarallp.com <br> Sara J. O'Connell (*Pro Hac Vice*) <br> soconnell@mcnamarallp.com <br> Edward Chang (NV 11783) <br> echang@mcnamarallp.com <br> MCNAMARA SMITH LLP <br> 655 West Broadway, Suite 1600 <br> San Diego, California 92101 <br> Tel.: 619-269-0400 <br> Fax: 619-269-0401 | DAVID STEINER & ASSOCIATES, PLC <br> David Paul Steiner, Esq. (CA SBN 64638) <br> Jonathan Charles Balfus, Esq. (CA SBN 155532) <br> 1801 Century Park East, Suite 1600 <br> Los Angeles California 90067 <br> Tel: 310.557.8422 <br> Fax: 310.556.0036 <br> dpsartnetlaw@gmail.com <br> *Attorneys for all Defendants (Admitted Pro Hac Vice)* |
| Abran E. Vigil (NV 7548) <br> vigila@ballardspahr.com <br> BALLARD SPAHR LLP <br> 100 North City Parkway, Suite 1750 <br> Las Vegas, Nevada 89106-4617 <br> Tel.: 702-471-7000 <br> Fax: 702-471-7070 | L. Edward Humphrey, Esq. <br> Nevada Bar 9066 <br> HUMPHREY LAW PLLC <br> 201 W. Liberty Street, Suite 204 <br> Reno, Nevada 89501 <br> Tel: 775.420.3500 <br> Fax: 855.485.6329 <br> ehumphrey@hulolaw.com <br> *Nevada Counsel of Record* |
| *Attorneys for Plaintiff* | |

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS W. MCNAMARA, as the Court-Appointed Receiver for Ideal Financial Solutions, Inc.; Ascot Crossing, LLC; Chandon Group, Inc.; Bracknell Shore, Ltd.; Fiscal Fitness, LLC; Avanix, LLC; Debt Elimination Systems, LLC; US Debt Relief, LLC; Money Mastery, LLC; US Debt Assistance Corp.; IWB Services (St. Kitts); Financial Fitness, LLC; Debt to Wealth, LLC (St. Kitts); Debt to Wealth, LLC (Nevada); Ideal Goodness, LLC; Dollars West, LLC; Fluidity, LLC; Newport Sails, LLC; Shaw Shank, LLC; Bunker Hillside, LLC; Funding Guarantee, LLC; Newline Cash, LLC; Wealth Fitness, LLC; Zeal Funding Services, LLC; and related subsidiaries and affiliates, <br><br> Plaintiff, <br><br> v. <br><br> VOLTAGE PAY INC., a Canadian corporation doing business as voltagepay.com, Voltage Payments, Inc., and Voltage Pay LLC; KEVIN LEWIS; JETY HOLDINGS, a company of unknown origins; DAVID SHEHKTER; 2170773 ONTARIO LIMITED, a Canadian corporation; and ROES 1-10. <br><br> Defendants. | **Case No. 2:15-cv-02177-JAD-GWF** <br><br> **JOINT MOTION AND STIPULATION TO EXTEND EXPERT DEADLINES (Fifth Request)** <br><br> Related Case: <br><br> *Federal Trade Commission v. Ideal Financial Solutions, Inc. et al.*, District of Nevada, Case No. 2:13-cv-00143-JAD-GWF |

Pursuant to Fed. R. Civ. P. 16(b)(4), LR IA 6-1, LR IA 6-2, and LR 26-4, Plaintiff, Thomas W. McNamara (the "Receiver" or "Plaintiff"), in his capacity as the Court-Appointed Receiver for Ideal Financial Solutions, Inc.; Ascot Crossing, LLC; Chandon Group, Inc.; Bracknell Shore, Ltd.; Fiscal Fitness, LLC; Avanix, LLC; Debt Elimination Systems, LLC; US Debt Relief, LLC; Money Mastery, LLC; US Debt Assistance Corp.; IWB Services (St. Kitts); Financial Fitness, LLC; Debt to Wealth, LLC (St. Kitts); Debt to Wealth, LLC (Nevada); Ideal Goodness, LLC; Dollars West, LLC; Fluidity, LLC; Newport Sails, LLC; Shaw Shank, LLC; Bunker Hillside, LLC; Funding Guarantee, LLC; Newline Cash, LLC; Wealth Fitness, LLC; Zeal Funding Services, LLC; and any other entities that are part of these entities' common enterprise, including their subsidiaries and affiliates (collectively the "Receivership Entities"), and Defendants Voltage Pay Inc., Jety Holdings, Kevin Lewis, David Shehkter and 2170773 Ontario Limited (collectively, "Defendants" and, with Plaintiff, the "Parties") jointly stipulate and move to extend certain dates included in the Court's Scheduling Order (ECF No. 72) regarding the expert witnesses in this case. This is the fifth request for an extension of time. Good causes exists to support this motion, as explained below:

A.   <u>Completed Discovery</u>

The following discovery has occurred:

Plaintiff has served Defendants with the following items:

    1.   Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1);

    2.   First Set of Interrogatories;

    3.   First Set of Requests for Production of Documents;

    4.   First Set of Requests for Admissions; and

    5.   Second Set of Request for Production of Documents.

In addition, Plaintiff has produced over 40,000 pages of documents and approximately 39 GB of electronic data that are not conducive to Bates-stamping (i.e., zipped files, Excel files, Outlook PST files, etc.).

Plaintiff deposed Defendants David Shehkter and Kevin Lewis, in their individual capacities as well as a representative of Voltage Pay Inc., Jety Holdings, and 2170773 Ontario

Limited.

Plaintiff served a subpoena upon Turin Consulting, LLC, received a declaration from Turin Consulting's witness in response, and provided a copy of that declaration to the Plaintiff.

Plaintiff served a subpoena for documents upon "NACHA – The Electronic Payments Association" ("NACHA") on May 8, 2017, and continues to receive a rolling production of documents in response, with the most recent production being made on July 28, 2017.

Plaintiff served a subpoena upon Payment Data Systems Inc. ("PDS") in 2013 and then again on February 17, 2017, received documents in response to the subpoena, and deposed PDS's witness on March 10, 2017.  Post-deposition, PDS continues to produce documents in response the Plaintiff's subpoena, with their most recent production being made on July 31, 2017.

Defendants have served Plaintiff with the following items:

1. Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1);
2. First Set of Interrogatories by Defendant Voltage Pay;
3. First Set of Requests for Production of Documents by Defendant Voltage Pay;
4. Second Set of Requests for Production of Documents by Defendant Voltage Pay;
5. First Set of Interrogatories by Defendant Shehkter; and
6. First Set of Requests for Production of Documents by Defendant Shehkter.

Defendants have deposed Plaintiff.  In addition, Defendants have produced nearly 2,000 pages of documents in response to Plaintiff's request for production of documents and interrogatories.  Defendants have produced supplemental responses to the Plaintiff's first set of requests for admission.

Defendants served a subpoena on Fifth Third Bank to produce certain bank records, received the records, and provided a copy of the records to Plaintiff.

At least three meet and confer conferences have taken place between the parties, as well two meet and confer conferences between the Plaintiff and PDS.

The Plaintiff disclosed two expert witnesses, and the Defendants disclosed a rebuttal expert witness.

B.  **Incomplete Discovery**

The Parties continue to receive productions from third parties. For example, PDS has committed to produce further documents and a declaration in response to the Plaintiff's subpoena. NACHA may produce further documents as well.

C.  **Reason for Extending Discovery Plan Deadlines**

The parties wish to extend the deadline to exchange expert reports in anticipation of the experts' need to consider information within forthcoming document productions by third parties in response to the Plaintiff's subpoenas. For example, PDS is a third-party payment processing company which executed many of the merchant transactions at issue in this case. Both parties believe that PDS is a significant source for financial and transaction records, but they disagree on the exact nature of this issue. The Receiver contends that Voltage Pay has failed to produce necessary accounting records, or to justify what accounting it has provided as compared to bank records. Voltage Pay contends that it no longer has access to PDS accounting data that would enable it to verify with certainty specific bank activity relating to reserve balances maintained on behalf of the Receivership Entities. PDS's records may provide the basis needed to facilitate a settlement between the parties, or, in the alternative, the records may become an important basis of factual information for the experts' reports in this case. Any forthcoming NACHA document productions may contain relevant factual information for the experts as well. Because extending the deadline to exchange reports would necessitate extending the deadlines to exchange rebuttal expert reports and to take expert depositions, new deadlines are proposed for those events as well.

D.  **Proposed Schedule for Completing All Remaining Discovery**

The Parties seek to amend the Scheduling Order to extend each deadline by ten (10) days as follows:

|  |  | **Current Date** | **Proposed New Date** |
|---|---|---|---|
| 1. | **Last date to exchange expert reports** | August 7, 2017 | August 17, 2017 |
| 2. | **Last date to exchange rebuttal expert reports** | August 21, 2017 | August 31, 2017 |
| 3. | **Last date to complete expert discovery** | Sept. 4, 2017 | Sept. 15, 2017 |

3

**CONCLUSION**

For the above-stated reasons, the Parties respectfully request that this Court enter an Order approving this Joint Stipulation to Extend Expert Deadlines using the new deadlines noted above.

IT IS SO STIPULATED.

| | |
|---|---|
| Dated: August 2, 2017 | Dated: August 2, 2017 |
| By: */s/ Sara J. O'Connell*<br>Sara J. O'Connell<br>McNamara Smith LLP<br>655 West Broadway, Suite 1600<br>San Diego, CA 92101<br>Tel.: 619-269-0400<br>Fax: 619-269-0401<br>soconnell@mcnamarallp.com<br>Attorneys for Plaintiff | By: */s/ David P. Steiner*<br>David P. Steiner, Esq.<br>David Steiner & Associates<br>1801 Century Park East, Suite 1600<br>Los Angeles, CA 90067<br>Tel.: 310.557.8422<br>Fax: 310.556.0336<br>dpsartnetlaw@gmail.com<br>Attorneys for Defendants |

**ORDER**

IT IS SO ORDERED:

DATED: 8/3/2017

*George Foley Jr.*

HON. GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE